### HALLIBURTON OIL WELL CEMENTING CO. v. WALKER et al.

### WALKER et al. v. HALLIBURTON OIL WELL CEMENTING CO.

### No. 10513.

Circuit Court of Appeals, Ninth Circuit.

June 12, 1945.

For former opinion, see 146 F.2d 817.

Frank L. A. Graham, of Los Angeles, Cal., and Earl Babcock, of Duncan, Okl., for appellant Halliburton Oil Well Cementing Co.

Harold W. Mattingly and Robert W. Fulwider, both of Los Angeles, Cal., for appellants Cranford P. Walker et al.

Before DENMAN, STEPHENS, and HEALY, Circuit Judges.

PER CURIAM.

In its petition for rehearing appellant, Halliburton Oil Well Cementing Company, assumes that the court in ruling on Walker's patent No. 2,156,519 failed to consider the cases of General Electric Co. v. Wabash Appliance Corporation, 304 U.S. 364, 58 S.Ct. 899, 82 L.Ed. 1402, and Davis Sewing Mach. Co. v. New Departure Mfg. Co., 6 Cir., 217 F. 775, particularly the first of these decisions. Halliburton is mistaken. In the General Electric case the claim considered was not one for a combination of elements, but a claim for a single element. Here, the claims are for a combination of elements. They sufficiently define the limits of the invention to enable those having knowledge of acoustics and of the principles of the physics of sound to determine what is covered and what is beyond the scope of the claimed invention.

Petition for rehearing is denied.

DENMAN, Circuit Judge (concurring in the denial of the petition for rehearing).

Appellant's principal contention on its petition for rehearing concerns the patenting of a combination of functional means such as claimed in typical claims 1 and 14, cited in the opinion.

Claim 1 is for a combination in "[A] an apparatus for determining the location of an obstruction in a well having therein a string of assembled tubing sections interconnected with each other by coupling collars"

of the following three "means," with

[B] "means communicating with said well for creating a pressure impulse in said well," and

[C] "echo receiving means including a pressure responsive device exposed to said well for receiving pressure impulses from the well and for measuring the lapse of time between the creation of the impulse and the arrival of said receiving means of the echo from said obstruction," and

[D] "means associated with said pressure responsive device for tuning said receiving means to the frequency of echoes from the tubing collars of said tubing sections to clearly distinguish the echoes from said couplings from each other."

Each of B, C, and D describes a function but, appellant contends, fails to describe how the apparatus is to perform the function, as required by R.S. § 4888, 35 U.S.C. § 33, 35 U.S.C.A. § 33, cf. General Electric Co. v. Wabash, 304 U.S. 364, 368, 58 S.Ct. 899, 82 L.Ed. 1402.

No case is cited in which such a combination of means alone has been sought and the case seems of novel import. It is apparent that a combination of three means is valid only if a combination of *all* the various means for accomplishing each of the three functions is to be deemed included in the claim. It would establish invalidity of the patent if prior thereto *any one* of the several means of each of the all-inclusive means so had been combined.

Appellant has shown no such prior combination of any one of each of the three means. General Electric Co. v. Wabash, supra, is distinguishable. Unlike the instant patent for a combination, the patent there was for a specific product and its production was described in functional instead of a specific physical determinant. Since the combination of all such means has novelty and usefulness, I agree in the denial of the petition for rehearing.